# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY HALAJIAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, as trustee for GSAMP Trust ) <br> 2005-HE4, Mortgage Pass-through ) <br> Certificates, Series 2005-HE4, a ) <br> New York corporation, et al., ) <br> ) <br> Defendants. ) <br> _____) | 1:12-cv-00814-AWI-GSA <br><br> ORDER DENYING MOTION FOR <br> TEMPORARY RESTRAINING <br> ORDER <br><br> (Doc. 13) |

## I. INTRODUCTION

Plaintiff Barry Halajian (hereinafter referred to as "Plaintiff") has filed a motion for a temporary restraining order preventing defendant Deutsche Bank National Trust Company and the Fresno County Sheriff from enforcing the unlawful detainer judgment in Fresno County Superior Court case no. 11CECL01998. For reasons discussed below, the motion shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

On May 16, 2012, Plaintiff filed his complaint against defendants Deutsche Bank National Trust Company, as trustee for GSAMP Trust 2005-HE4, Mortgage Pass-through Certificates, Series 2005-HE4, JP Morgan Chase Bank, N.A., NDEx West, LLC, Whitney K. Cook, all persons

known or unknown claiming an interest in 4917 E. Sooner Dr., Fresno, California 93727 and Does 1-20, inclusive, asserting causes of action for (1) violation of California Civil Code § 2923.5, (2) wrongful foreclosure, (3) lack of privity of contract, (4) quiet title, (5) fraud and (6) declaratory and injunctive relief.  On May 17, 2012, Plaintiff filed this motion for a temporary restraining order preventing defendant Deutsche Bank National Trust Company ("Deutsche Bank") and the Fresno County Sheriff from evicting Plaintiff from the real property located at 4917 E. Sooner Dr. in Fresno pursuant to a judgment and writ of execution issued in favor of Deutsche Bank and against Plaintiff by the Fresno County Superior Court in unlawful detainer case no. 11CECL01998.

### III. LEGAL STANDARD

"The standards governing the issuance of temporary restraining orders are 'substantially identical' to those governing the issuance of preliminary injunctions." *O'Keefe v. Cate,* slip copy, 2012 WL 1555055 (E.D.Cal. 2012), at *1 (citing *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2011)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right.  In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'  'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.' " *Id*. at 24 (internal citations omitted).  The Ninth Circuit has adopted a sliding scale approach to preliminary injunctions in which an injunction may issue "where the likelihood of

success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.' " *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los Angeles,* 340 F.3d 810, 813 (9th Cir. 2000)).

## IV. DISCUSSION

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds its lacks authority to issue the temporary restraining order requested by Plaintiff. Plaintiff asks the Court to stay the state unlawful detainer proceedings by postponing enforcement of judgment. Problematically for Plaintiff, under the federal Anti-Injunction Act (AIA), "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The AIA "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Plaintiff has provided no authority – and the Court's research reveals no authority – to suggest an exception applies here.

In the Court's view, the exceptions are plainly *inapplicable*. First, Plaintiff has not pointed to any judgments of the Court requiring protection from the state court proceedings. Second, "an injunction against the unlawful detainer action is not necessary to aid this court's jurisdiction." *Scherbenske v. Wachovia Mortgage, FSB,* 626 F.Supp.2d 1052, 1059 (E.D.Cal. 2009) (citing *Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 641, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977)). "Courts have applied this second exception in only two scenarios: where the case is removed from the state court, and where the federal court acquires in rem or quasi in rem

jurisdiction over a case involving real property before the state court does." *Martingale LLC v. City of Louisville,* 361 F.3d 297, 302 (6th Cir. 2004). Neither scenario is present here. A party to an action litigating possession of real property in state court does not implicate this exception simply by filing, as here, an action to litigate title to said property in federal court. *See Carrasco v. HSBC Bank USA, N.A.,* slip copy, 2012 WL 646251 (N.D.Cal. 2012), at *3-*4. Lastly, the Court notes "[t]here is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *Scherbenske, supra,* at p. 1059.

### V. DISPOSITION

Based on the foregoing, Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated:   May 18, 2012

CHIEF UNITED STATES DISTRICT JUDGE

4