IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *BARRY HALAJIAN*, an individual )<br>)<br>**Plaintiff**, )<br>)<br>**v.** )<br>)<br>*DEUTSCHE BANK NATIONAL TRUST* )<br>*COMPANY, AS TRUSTEE FOR GSAMP* )<br>*TRUST 2005-HE4, MORTGAGE PASS-* )<br>*THROUGH CERTIFICATES, SERIES* )<br>*2005-HE4, a New York Corporation; JP* )<br>*MORGAN CHASE BANK N.A., a national* )<br>*banking association incorporated in New* )<br>*York; NDEx WEST LLC, a Delaware* )<br>*limited liability company; and WHITNEY* )<br>*K. COOK, an individual residing in Ohio;* )<br>*ALL PERSONS KNOWN OR UNKNOWN* )<br>*CLAIMING AN INTEREST IN 4917 E.* )<br>*SOONER DR., FRESNO, CALIFORNIA* )<br>*93727; and DOES 1-20 inclusive,* )<br>)<br>**Defendants**. )<br>)<br>_____ ) | 1: 12 - CV - 00814  AWI GSA<br><br><br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANTS' MOTIONS TO<br>DISMISS<br><br><br>(Docs. 30, 32.) |

    Plaintiff, acting through counsel, brings a second action before this Court seeking injunctive relief, declaratory relief, and damages relating to real property at 4917 East Sooner Ave, Fresno, California. (*See* 1:12-cv-00798-LJO-SMS.)  Plaintiff seeks to enjoin his eviction from his Fresno County residence ("property") after a trustee's sale from the property by bringing six causes of action: (1) a violation of California Civil Code section 2923.5, (2) Wrongful

Foreclosure, (3) Lack of Privity of Contract, (4) Quiet Title, (5) Fraud and (6) Declaratory and Injunctive Relief.

Defendants Deutsche Bank National Trust Company and Whitney K. Cook have filed motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants and Plaintiff both provided documents to the Court in support of their pleadings of which the Court has taken judicial notice.

For the reasons stated herein, the Court grants in part and denies in part Defendants' Motions to Dismiss for failure to state a viable claim.

## I.
## BACKGROUND[1]

On May 18, 2005, Halajian borrowed $175,200.00 from lender Fremont Investment & Loan, signing an adjustable-rate note in which he promised to repay the lender no later than June 1, 2035. The loan was secured by a deed of trust for Halajian's property at 4917 East Sooner Avenue, Fresno, California. Halajian agreed to the terms and covenants of the deed of trust, executing it at the same time as the note. The deed of trust named Fremont General Credit Corporation as the Trustee, and designated Mortgage Electronic Registration Systems, Inc., (MERS) as the nominee for Fremont Investment & Loan, its successors and assigns, to serve as the beneficiary of the deed of trust.

On June 28, 2010, Mortgage Electronic Registration Systems, Inc., as nominee for Fremont Investment & Loan, assigned to Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4, Mortgage Pass-Through Certificates, Series 2005-HE4, all beneficial interest in the deed of trust and note executed by Halajian.

On May 17, 2010, ServiceLink, a Division of Chicago Title Company, on behalf of Chase Home Finance, L.L.C., and its agent NDEX West, LLC, filed a notice of default and intention to sell the property as a result of Halajian's failure to make required loan payments beginning

---

[1] The factual history is provided for background; the assertions contained therein are not necessarily taken as true. The legally relevant facts relied upon by the court are discussed within the analysis.

February 1, 2010, and thereafter.

On March 7, 2011, Deutsche Bank filed an unlawful detainer action against Halajian in Fresno County Superior Court (Case No. 11CECL01998). *See Deutsche Bank Nat'l Trust Co. v. Halajian*, 2012 WL 1076218 at *1 (E.D. Cal. March 29, 2012) (No. 1:12-cv-00447-LJO-GSA).

On April 28, 2011, Deutsche Bank moved for summary judgment in the unlawful detainer action; Halajian did not oppose the motion. *Id.* The Superior Court granted the motion and entered judgment on May 5, 2011. *Id.* A writ of execution for restitution of the property issued on June 2, 2011. *Id.* On June 10, 2011, Halajian moved to set the judgment aside or, in the alternative, stay execution of judgment. *Id.* On June 13, 2011, the Superior Court denied the motion to set aside the judgment but stayed the writ of execution. *Id.* After a second motion to set aside the judgment was denied, Halajian appealed to the state appellate court on June 20, 2011. *Id.* On June 22, 2011, Halajian moved to stay enforcement of the judgment pending appeal. *Id.* On June 28, 2011, the Superior Court granted the motion to stay.

Halajian filed a new appeal on October 26, 2011. *Id.*

On February 27, 2012, Deutsche Bank filed another unlawful detainer complaint against Halajian (12CECL01530). *Id.* On March 23, 2012, Halajian removed the case to federal court (Case No. 1:12-cv-00447-LJO-GSA). *Id.* The District Court remanded the action to Fresno County Superior Court on April 17, 2012.[2] On or about May 10, 2012, the Fresno County Superior Court entered judgment in favor of Deutsche Bank. Doc. 13-2.

On May 15, 2012, Halajian filed a complaint in propria persona with the District Court against Deutsche Bank National Trust Co., NDEX West LLC, JP Morgan Chase Bank N.A., and Whitney K. Cook. *Halajian v. Deutsche Bank Nat'l Trust Co.* (Case No. 1:12-cv-00798-LJO-SMS). On May 31, 2012 the District Court, on its own motion, dismissed with prejudice Halajian's complaint, calling the pleading "an ill-conceived attempt at legal sleight of hand." *Id.* Doc.2.

---

[2] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a plaintiff's "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see also Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)."[A] complaint should not be dismissed unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California,* 509 U.S. 764, 811, 113 S.Ct 2891 (1993).

The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). However, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Further, although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50 (2009); see also *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint. "There are, however, two exceptions ... First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss .... If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); see *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).[3] "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend."[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

---

[3] Deutsche Bank National Trust Co.'s request that the court take judicial notice of the Deed of Trust, Notice of Default and attached declaration, Notice of Sale, Substitution of Trustee, Assignment of Deed of Trust, and Trustee's Deed Upon Sale is granted. See Sears, 245 F.2d at 70; Lee, 250 F.3d at 688-89. Here, Plaintiff's complaint refers to the note, Deed of Trust, Notice of Default, Notice of Sale, and Substitution of Trustee.
Plaintiff objects that these documents do not satisfy the requirements of FRE 201 (Docket No. 34). These documents, however, are matters of public record and not generally subject to dispute. As such, this court may consider Plaintiff's pertinent loan and foreclosure documents.
Whitney K. Cook's request that the court take judicial notice of the PACER case locator results for Fremont Investment and Loan is granted to the extent that court recognizes Fremont Investment and Loan was actively attempting to enforce its rights as a creditor as recently as May 2, 2012.

not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe. v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

**III.**
**DISCUSSION**

The first basis of Plaintiff's complaint is his assertions that Defendants Deutsche Bank and JPMorgan Chase Bank are not true creditors of Plaintiff because the loan in question was securitized and therefore have no right to assign, substitute or foreclose upon the loan. (Complaint ¶ 87.) Second, Plaintiff asserts that the assignment and substitution of trustee were invalid due to an absence of agency relationship between Ms. Cook and MERS or Deutsche Bank National Trust. (Complaint ¶¶ 19, 20.) Third, Plaintiff alleges that Ms. Cook's assignment of beneficial interest on behalf of MERS as nominee for Fremont General Credit Corp. was invalid because Fremont was "defunct" at the time of transfer. (Complaint ¶¶ 22,23.) Plaintiff further contends that Defendants failed to comply with statutory notice requirements for non-judicial foreclosure proceedings. (Complaint ¶¶ 64-69.)

1. Notice of Default

Plaintiff's first cause of action alleges a violation of California Civil Code Section 2923.5. Subsection (b) of 2923.5 requires, "a notice of default filed pursuant to section 2924 to include a declaration that the mortgagee, beneficiary, [or] authorized agent has contacted the borrower, or has tried with due diligence to contact the borrower as required by this section..." "Civil Code sections 2924–2924h, inclusive, do not require actual receipt by a trustor of a notice of default or notice of sale. They simply mandate certain procedural requirements reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent.'" *Knapp v. Doherty*, 123 Cal. App. 4th 76, 88-89 (Cal. App. 6th Dist. 2004), citing *Lupertino v. Carbahal*, 35 Cal. App. 3d 742, 746-47 (Cal. App. 3d Dist. 1973). Plaintiff disputes the truth of

the declaration contained in the notice of default, not the fact of the notice of default's filing. Plaintiff pleads no facts in support of bald contention that Defendants did not comply with section 2923.5. (Complaint ¶¶ 66-68.) When attacking a non-judicial foreclosure sale, a borrower must overcome a presumption of propriety. *Knapp v. Doherty,* 123 Cal.App.4th 76, 86 n. 4, 20 Cal.Rptr.3d 1 (2004). He may do this by proving an improper procedure occurred and by demonstrating resulting prejudice. *Id.* Even assuming a failure to do due diligence on the part of Ms. McCarty, signatory on behalf of Chase Home Finance for purposes of the declaration of compliance under California Civil Code Section 2923.5(b), or Chase Home Finance, as agent for MERS as beneficiary, the plaintiff has neither shown prejudice nor even alleged that it exists.

Even if plaintiff could prove that the terms of section 2923.5 were not complied with there is no remedy presently available to plaintiff under this section. As this Court has previously recognized, a California Court of Appeal has held that section 2923.5 provides a pre-sale remedy *only* and that the only available remedy is a postponement of the foreclosure sale. *Mabry v. Superior Court,* 185 Cal.App.4th 208, 225, 110 Cal.Rptr.3d 201 (Cal.Ct.App. June 2, 2010). "There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale." *Id.* Once the sale is held, as it was here, the statute is no longer applicable. *Id.*

Under this cause of action plaintiff seeks to void the trustee sale. Under California law, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971). Those courts that have examined the issue have found tender is required for claims under Section 2923.5. *See, e.g,. Keen v. American Home Mortg. Servicing, Inc.*, 2009 WL 3380454 at. *10 (E.D.Cal. 2009) (noting that overwhelming majority of California district courts require tender when examining wrongful foreclosure claims); *Anaya v. Advisors Lending Group*, 2009 WL 2424037 at. *10 (E.D.Cal. 2009) ("An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes."); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1183-84 (N.D.Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a

7

plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'") (quoting *Karlsen*, 15 Cal.App.3d at 117). No such tender has been alleged here.

Plaintiff's wrongful foreclosure claims under California Civil Code Section 2923.5 must therefore be dismissed without leave to amend.

2. Wrongful Foreclosure

Plaintiff's second cause of action alleges that "[n]one of the Defendants have standing to enforce the Note because they are not the owners of the Note, holder of the Note or beneficiary under the Note. None of the Defendants claims to be a holder of the Note or a beneficiary under the Note." (Complaint ¶ 73)

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." *Nguyen v. Calhoun,* 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.... It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924(b)(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller,* 25 Cal.App.4th at 830, 30 Cal.Rptr.2d (1994). In the present case Fremont General Credit Corporation was the original Trustee and MERS the original Beneficiary

of the Deed of Trust. (Complaint ¶ 15.) (Notice of Default.)[4]

As the designated beneficiary and nominee for the lender under the Deed of Trust, MERS had the authority to assign the Deed of Trust and to substitute Trustee Corps as trustee. *See, e.g., Madrid v. Bank of Ameica Corp.,* 2011 WL 2729429, at *3 (S.D.Cal. July 13, 2011) ("[P]ursuant to the Deed of Trust, MERS had the authority to assign its beneficial interest to another party."); *Castaneda v. Saxon Mortg. Services, Inc.,* 687 F.Supp.2d 1191, 1198 (E.D.Cal.2009) ("As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party."); *Hensley v. Bank of New York Mellon,* 2011 WL 2118810, at *3 (E.D.Cal. May 27, 2011) (internal citations omitted) ("[C]ourts have held that where MERS acts as a beneficiary under a deed of trust, it has the right to assign its interest. Moreover, California Civil Code § 2934a expressly authorizes a beneficiary under a deed of trust to substitute the trustee."); *Edwards v. Aurora Loan Services, LLC,* 2011 WL 1668926, at *20 (E.D.Cal. May 2, 2011) ("California law permits a beneficiary to make a substitution of trustee and grant the power to foreclose."); *Lawther v. Onewest Bank,* 2010 WL 4936797, at *6 (N.D.Cal. Nov.30, 2010) ("Courts in this Circuit have repeatedly recognized that MERS, as a named nominal beneficiary to a Deed of Trust, has the power to make assignments and substitutions under California's statutory foreclosure scheme."). Further, the deed of trust specifies that "[b]orrower understands and agrees that MERS holds only legal title to the interest granted by [b]orrower in this Security Instrument, but, if necessary, to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including but not limited to the right to foreclose and sell the property...." (Deed of Trust p. 3 of 5.) Additionally, California law does not require assignment to be made in writing for an assignee beneficiary to foreclose. *Parcray v. Shea Mortg. Inc.,* 2010 WL 1659369 at. *11 (E.D. Cal. Apr. 23, 2010) Accordingly, MERS had

---

[4] Plaintiff claims that "MERS has no standing to initiate legal actions concerning the property because MERS does not hold any legal or equitable interest in the debt or the property." (Complaint ¶ 30.) The judicially noticeable Deed of Trust specifically lists MERS as the nominee for the lender and the lenders successors and assigns as well as beneficiary which directly contradicts Plaintiff's legal conclusion.

standing to assign its beneficial interest.

Plaintiff claims that Ms. Cook was not a vice president or authorized agent of MERS acting as nominee for the "defunct" Fremont Investment and Loan for purposes of assignment of a beneficial interest in the trust. (Complaint ¶¶ 23, 60) Further, Plaintiff contends that the Substitution of Trustee made by Ms. Cook was invalid because of the alleged invalid assignment of beneficial interest and because Ms. Cook was not an authorized signatory of Deutsche Bank. (Complaint ¶ 62)

This Court recognizes a split of authority on the issue of whether allegations of lack of agency capacity of the signatory may underlie a wrongful foreclosure claim without judicially noticeable facts by either party. Many recent cases have held to the effect that the dual position of a signatory does not give rise to an inference of lack of agency relationship. *See Chua v. IB Property Holdings,LLC*, 2011 WL 3322884, at. *2 (C.D. Cal Aug.1, 2011) ([T]o the extent that Plaintiffs take issue with Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both.); *see also Couch v. JPMorgan Chase Bank, N.A.* No. CV 11-8710-GHK (Ssx), at *5 (C.D. Cal. May 14, 2012) (The mere fact that Derborah Brignac was not an employee of JPMorgan and Colleen Irby was not an employee of CRC does not give rise to a reasonable inference that they did not have the authority to sign documents on behalf of those companies.) Conversely, this District has also recognized a claim where the complaint stated that the signatory of the substitution of trustee was not in fact an officer of the corporation she purported to represent but rather an employee of a third party lender and defendant provided no judicially noticeable documentation to the contrary. *Michel v. Deutsche Bank Trust Company, as Trustee for GSAA Home Equity Trust 2006-2 et. al.* No 1:10-cv-2375 AWI SKO (E.D. Cal. Sept. 20, 2012); *see also Tang v. Bank of AM., N.A.*, 2012 WL 960373, at *10-11 (C.D. Cal Mar. 19, 2012.) (Aside from the very documents whose legitimacy is reasonably questioned by Plaintiffs, Defendants submit no judicially noticeable documents showing that [signatory] was indeed an agent for BOA and not MERS... The Court believes that it would benefit from the minimal discovery necessary to prove the agency relationship between BOA, MERS, and [signatory.]).

Consistent with its previous holding, the Court concludes that this issue is more appropriately resolved at the summary judgment stage. *Michel v. Deutsche Bank*, No. 1:10-cv-2375 AWI SKO at *9 (E.D. Cal. Sept 20, 2012); Milyakov v. JP Morgan Chase, N.A.., 2012 U.S. Dist. LEXIS, at *12-13 (N.D. Cal. Mar. 15, 2012.) Consistent with its ruling in Michel v. Deutsche Bank, the court holds that discovery necessary to prove that Ms. Cook was in fact an agent of MERS and Deutsche Bank National Trust is required before the court would reconsider a motion for summary judgment on the same ground. If Ms. Cook was not authorized to sign the assignment of deed of trust and substitution of trustee then both are invalid.

A trustee's sale undertaken by one who is not the valid trustee is void. *See Dimock v. Emerald Properties*, 81 Cal. App. 4th 868, 876 (Cal. App. 4th Dist. 2000); *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal. App. 4th 579, 581 (Cal. App. 2d Dist. 2009). Where a trustee sale is void tender need not be alleged because the action is not based in equity. *Dimock v. Emerald Properties LLC*, 81 Cal.App.4th 868, 877 (2000).

Without judicially noticeable documents showing that Ms. Cook was in fact authorized to sign on behalf of MERS[5] and Deutsche Bank National Trust Co., this court will not dismiss the wrongful foreclosure cause of action at this stage.[6]

3. Securitization

Plaintiff does not have standing to challenge the securitization of his loan because he is not a party to the Pooling Service Agreement (PSA). *Junger v. Bank of Am., N.A.,* 2012 WL

---

[5]The court gives little weight to Plaintiff's request for judicial notice of the two page list of corporate officers of MERS as evidence that Ms. Cook is not an officer considering Plaintiff alleges in his complaint that MERS "has literally thousands of officers." (Complaint ¶ 26.)

[6]Plaintiff points out that "[MERS has] never ha[d] possession of the promissory note." (Complaint ¶ 27) "Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC,* 2009 WL 385855, at *3 (S.D.Cal.2009) (citing Cal. Civ.Code, § 2924(a) (1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee ." *Moeller,* 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez,* 2007 WL 2140640, *8 (S.D.Cal. 2007). Whether MERS or Fremont ever had possession of the promissory note has no legal bearing.

603262 *3 (C.D. Cal. Feb. 24, 2012); *see also In re Correia,* 452 B.R. 319, 324 (1st Cir.BAP 2011) (holding that debtors, as non-parties to a PSA, lack standing to challenge a mortgage assignment based on non-compliance with the agreement).[7]

Even if plaintiff had standing to address the securitization process, "securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Sami v. Wells Fargo Bank*, C 12-00108 DMR, 2012 WL 967051, at. *5 (N.D. Cal. Mar. 21, 2012) (quoting *Reyes v. Gmac Mortgage LLC,* No. 11-0100, 2011 WL 132275, at. *3 (D. Nev. April 5, 2011)); *see also Nguyen v. Bank of Am. Nat'l Ass'n,* 2011 WL 5574917, at. *9 (N.D.Cal. Nov.15, 2011) (securitization of mortgage loan does not provide mortgagor with cause of action). To the extent Plaintiff contends that Defendants Deutsche Bank or NDEx West do not have the authority to foreclose because the loan was packaged and resold in the secondary market, this argument is rejected. *Lane v. Vitek Real Estate Industries Group,* 713 F.Supp.2d 1092, (E.D.Cal.2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."); *Benham v. Aurora Loan Services,* 2009 WL 2880232 at. *3 (N.D.Cal. Sept.1, 2009.) "[S]ecuritization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note, and does not change the relationship of the parties in any way." *Reyes,* 2011 WL 1322775, at. *3. Accordingly, plaintiff's claim of the impossibility of "any servicer or trustee [being]... the agent for the holder of the note for purposes of standing to foreclose" is rejected. (Complaint ¶ 38.)

4. Privity of Contract

Plaintiff's third cause of action asserts that "Plaintiff's participation in the mortgage contract was procured by overt and covert misrepresentations and nondisclosures. The parties did not share a single expectation with respect to any of the terms of the mortgage contract and therefore the contract is void ab initio. No enforceable contract was formed between Plaintiff and any of these Defendants, so the Deed of Trust and Promissory Note were not assets of

---

[7] Because the Court has determined that the plaintiff lacks standing, it does not address all of the remaining potential bases for dismissal on the related securitization claims.

Defendants that could be acquired or assumed." (Complaint ¶¶ 106-107) Since the court has concluded previously that the plaintiff has stated a plausible claim based on the allegation that assignment of beneficial interest by Ms. Cook on behalf of MERS was invalid (*See supra* part III.2. Wrongful Foreclosure) but that the securitization process had no legal impact on the legal positions of the original parties to the note and deed of trust (*See supra* part III.3. Securitization), this section will deal only with the validity of the execution of the original deed of trust.

California Civil Code Section 1550 requires four essential elements to a contract: 1) parties capable of contracting, 2) their consent, 3) a lawful object, and 4) sufficient cause or consideration. Cal. Civ. Code § 1550. Section 1565 specifies that the requisite consent must be: 1) free, 2) mutual, and 3) communicated by each to the other. Cal. Civ. Code § 1565. It is plaintiff's claim that, "The parties did not share a single expectation with respect to any of the terms of the mortgage contract and therefore the contract is void ab initio." (Complaint ¶ 106)

"[A]bsent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and the lender." *Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466 (Cal. Ct. App. 2006); *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d at 1093 n.1 ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); *see Cross v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 17946, at *14 (C.D. Cal. Feb. 23, 2009). A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark*, 231 Cal.App.3d at 1093, n.1. This right is inconsistent with the obligations of a fiduciary, which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another. *Id.* Moreover, a lender "owes no duty of care to the [borrower] in approving [a] loan." *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980). *Wagner* held that as a matter of law, the lender did not owe a legal duty not to place borrowers in a loan even where there was a foreseeable risk that the borrowers would be unable to repay. *Id.; see also Cross,* 2009 WL 481482 at. *5 (lender has no duty to disclose to plaintiffs that they do not have the ability to repay the loan).

Plaintiff has pled no specific misrepresentations or nondisclosures that would give rise to the plausible existence of a cause of action in this case. Even if the original lender fully expected

to sell the loan to investors immediately and wait for plaintiff's inevitable default, plaintiff states no claim for relief since none of the Defendants had no duty to disclose an adverse financial interest.

Based on the judicially noticed Deed of Trust it appears that Mr. Halajian and Fremont General Credit Corp. at least agreed to the terms of the 15 pages of the Deed of Trust bearing Halajian's initials and signature. This document is sufficient to meet the California requisite of objective mutual assent based on the reasonable meanings of the words and actions of the parties, not their unexpressed intentions or understandings. *Netbula, LLC. V. BlindView Development Corp.,* 516 F.Supp. 2d 1137, 1155 (N.D. Cal. 2007).

Since Plaintiff fails to state a claim upon which relief can be granted this claim is dismissed with leave to amend.

5. Quiet Title

Plaintiff's fourth cause of action attempts to state a claim for quiet title. To establish a claim for quiet title, plaintiff must file a verified complaint that alleges: (a) a description of the property; (b) plaintiff's title as to which a determination is sought; (c) the adverse claims to the title; (d) the date as to which the determination is sought; and (e) a prayer for the determination of title. Cal. Code Civ. Proc. § 761.020. Plaintiff fails as to part (c).

Plaintiff states that "Defendant Deutsche Bank now claims title to the property by virtue of a void Trustee's Deed of Sale." (Complaint ¶ 111) Assuming that plaintiff is correct as to the invalid assignment of interest by MERS the plaintiff has not pled facts that would give rise to the legal conclusion that plaintiff has paramount title. An invalid assignment and substitution would still leave MERS as beneficiary and Fremont (or its successors or assigns) as lender and trustee as to the Deed of Trust defaulted on by Plaintiff.

Further, Plaintiff fails to explain the grounds on which his claim is based, as required by section 761.020(c), other than a conclusory and legally inaccurate allegation that defendants are not the holders in due course of the promissory note or deed of trust for the property based on the securitization of the loan. Nor has plaintiff alleged tender or the ability to offer tender. *See Kelley*

*v. Mortg. Elec. Registration,* 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009) ("Plaintiffs have not alleged ... that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."); *see also Distor v. U.S. Bank, NA,* 2009 WL 3429700, at *6 (N.D.Cal. Oct.22, 2009) ("plaintiff has no basis to quiet title without first discharging her debt, and ... she has not alleged that she has done so and is therefore the rightful owner of the property"). "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law & Collection Co. v. Sheridan Proctor Co.,* 40 Cal.App. 524, 525 (1919).

To obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117. Nowhere in Plaintiff's complaint is tender even mentioned.

Therefore, Plaintiff's quiet title claim is insufficient to withstand a motion to dismiss under *Twombly,* 550 U.S. at 555 and should be dismissed with leave to amend.

6. Fraud

Plaintiff's fifth cause of action attempts to state a claim for fraud. Plaintiff's fraud claim relies on two central premises: First, securitization changed the relationships of the parties to the Deed of Trust and Promissory Note contracts, (Complaint ¶ 118.) and second, the parties who foreclosed upon plaintiff had no legal right to do so. (Complaint ¶¶ 119-123.) This court has already determined that securitization does not alter the relationships of the parties to the original agreement. *See supra*, part III.3., Securitization. Next, this court has already determined that plaintiff has alleged facts sufficient to state a plausible claim as to the lack of agency relationship between Ms. Cook and MERS and Ms. Cook and Deutsche Bank for purposes of a wrongful foreclosure action. *See supra,* part III.2, Wrongful Foreclosure. What is left to be determined is

whether Plaintiff can meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and whether any of the Defendants had a duty to disclose information that they allegedly withheld from Plaintiff.

Federal Rule of Civil Procedure 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba–Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir.2003). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). By contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Pro. 9(b). When a party pleads fraud against a corporation, as plaintiffs in this case, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Cerecedes v. U.S. Bankcorp*, 2011 WL 2711071 at. *5 (C.D. Cal. July 11, 2011) *(citing Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App. 4th 153 (1991)). Moreover, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz v. KPMG, LLP,* 476 F.3d 756, 765 (9th Cir.2007) (*quoting Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir.1989)).

Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004).

Plaintiff's complaint alleges that, "Defendant Whitney K. Cook is a known robosigner

having signed thousands of documents without sufficiently reviewing said documents or making any effort whatsoever to ascertain what the documents were for or what they were intended to do." The court is cognizant of reports of the use of robosigners by financial institutions. However, the court fails to see how the personal knowledge of Ms. Cook as to the contents of the Deed of Trust is significant in this context when the Plaintiff does not argue that tender of the debt was paid or that the amount of the debt is inaccurate. *See Cerecedes v. U.S. Bankcorp*, 2011 WL 2711071 at p. * 5 (2011).

    The court will recognize plaintiff's claim of misrepresentation insofar as plaintiff has already stated a claim that Ms. Cook may not have been authorized to sign on behalf of MERS and Deutsche Bank. Based on the recognized misrepresentation there is no plausible claim that Mr. Halajian justifiably relied on the false statement. Plaintiff merely alleges that he "reasonably relied upon the representations of the Defendants and or their predecessors, agents or assigns, in agreeing to execute the mortgage loan documents." (Complaint ¶ 128). Contrary to his assertion that he relied upon the representation, Mr. Halajian brought the present wrongful foreclosure suit based on the allegedly false assignment and substitution of trustee.

    The failure or inability of plaintiff to allege reliance is fatal to plaintiff's fraud claim. It is therefore dismissed with leave to amend.

7. Declaratory and Injunctive Relief

    Plaintiff's sixth cause of action requests declaratory and injunctive relief. This section of his Complaint is correctly understood as requesting a remedy. The court would note that the declaratory and injunctive relief requested is contingent on the outcome of the wrongful foreclosure cause of action. Since the second cause of action, wrongful foreclosure, has not been dismissed the court will not dismiss the requested relief.

## IV.
## ORDER

    Defendants' motions to dismiss are GRANTED in part and DENIED in part. Plaintiff has stated a claim in the second and sixth causes of action based on the theory that the assignment

and substitution of trustee were ineffective. Defendants' motions to dismiss the second and sixth causes of action are DENIED.

Defendants' motions to dismiss the first cause of action alleging a violation of California Civil Code Section 2923.5 are GRANTED without leave to amend as to them.

Defendants' motions to dismiss the third, fourth, and fifth causes of action for lack of privity of contract, quiet title, and fraud, respectively, are GRANTED with leave to amend as to each of them. Plaintiffs may file an amended complaint within twenty one days of entry of this order.

IT IS SO ORDERED.

Dated:   February 13, 2013

SENIOR DISTRICT JUDGE