Eric D. Houser (SBN 130079)
Marc W. Thomas (SBN 279598)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone:   (949) 679-1111
Facsimile:    (949) 679-1112

Attorneys for Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-HE4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY HALAJIAN, an individual, | Case No.:   1:12-CV-00814-AWI-GSA |
| Plaintiffs, | Hon. Anthony W. Ishii |
| v. | **DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-HE4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE4'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND [PROPOSED] JUDGMENT** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-HE4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE4, a New York Corporation; JP MORGAN CHASE BANK N.A., a national banking association incorporated in New York; NDEx WEST LLC, a Delaware limited liability company; and WHITNEY K. COOK, an individual residing in Ohio; ALL PERSONS KNOWN OR UNKNOWN CLAIMING AN INTEREST IN 4917 E. SOONER DR., FRESNO, CALIFORNIA 93727; and DOES 1 through 20, inclusive. | **[Separate Statement of Undisputed Facts, Supporting Declarations, and Request for Judicial Notice filed concurrently herewith]**<br><br>Date:     June 2, 2014<br>Time:    1:30 p.m.<br>Room:   2, 8th Floor |
| Defendants. | |

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on June 2, 2014, at 1:30 p.m., in Courtroom 2 of the above-entitled Court, located at 2500 Tulare Street, Fresno, California, Defendant Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4 Mortgage Pass-Through Certificates, SERIES 2005-HE4 ("DBNTC"), by and through its attorney of record herein, Houser & Allison, a Professional Corporation, will and hereby does move this honorable Court for summary judgment in its favor and against Plaintiff Barry Halajian ("Plaintiff'/"Halajian"). If, for any reason summary judgment cannot be had in full, Defendant requests adjudication of facts as set forth in movant's Separate Statement of Undisputed Facts filed concurrently herewith, for purposes of trial.

The Motion is brought pursuant to Fed. R. Civ. P. 56 on the grounds that there are no genuine issues of material fact requiring a jury and/or Defendant is entitled to judgment and/or adjudication of issues as a matter of law.  The Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the attached Declarations of Katherine A. Ortwerth and Marc W. Thomas in support thereof, the Request for Judicial Notice, the Separate Statement of Undisputed Facts, and upon all pleadings and documents herein, as well as any argument that may be presented or any matters of which judicial notice is requested and/or proper.

Dated: April 11, 2014                    **HOUSER & ALLISON, APC**

                                        By:    s/ Mark W. Thomas                        
                                               Marc W. Thomas
                                               Attorneys for Defendant,
                                               DEUTSCHE BANK NATIONAL TRUST
                                               COMPANY, AS TRUSTEE FOR GSAMP
                                               TRUST 2005-HE4 MORTGAGE PASS-
                                               THROUGH CERTIFICATES, SERIES
                                               2005-HE4

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................1

II.   SUMMARY OF MATERIAL FACTS ............................................2

    A.  THE LOAN AND FORECLOSURE........................................2

    B.  THE PRIOR ACTION FOR UNLAWFUL DETAINER ..........................2

    C.  PROCEDURE IN THE INSTANT ACTION ............................................3

III.  ARGUMENT ...............................................................................4

    A.  THE STANDARD ON A MOTION FOR SUMMARY JUDGMENT. ....4

    B.  THE UNDISPUTED FACTS DEMONSTRATE THAT PLAINTIFF IS
        COLLATERALLY ESTOPPED FROM RE-LITIGATING THE
        WRONGFUL FORECLOSURE CLAIM. ...................................................5

    C.  NO TRIABLE ISSUES OF FACT EXIST FOR PLAINTIFF'S
        WRONGFUL FORECLOSURE CLAIM BECAUSE PLAINTIFF
        CANNOT CHALLENGE THE FORECLOSURE WITHOUT ACTUAL .
        AND CREDIBLE TENDER. .....................................................................8

    D.  NO TRIABLE ISSUES OF FACT EXIST BECAUSE PLAINTIFF
        CANNOT PROVE DAMAGES. ............................................................10

    E.  NO TRIABLE ISSUE OF FACT EXISTS AS TO PLAINTIFF'S CLAIM
        FOR DECLARATORY AND INJUNCTIVE RELIEF. ...........................12

IV.   CONCLUSION ...............................................................................12

1

# **TABLE OF AUTHORITIES**

2

3 **Cases**

4 *Aceves v. U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218, 232...................................10

5 *Adickes v. S.H. Kress & Co.*, 398 US 144, 158–160 (1970) ....................................4

6 *Allen v. McCurry*, 449 U.S. 90 (1980) ........................................................5

7 *Bernhard v. Bank of America N.T. & S.A.*, 19 Cal.2d 807, 813 (1942) ...................5

8 *Bliss v. security-First Nat. Bank,* 81 Cal.App.2d 50, 58-9 (1947) ...........................6

9 *Celotex Corp. v. Catrett*, 477 US 317 (1986).................................................4

10 *Clark v. Lesher*, 46 Cal. 2d 874, 880 (1956) ................................................5

11 *Coscia v. McKenna & Cuneo*, 25 Cal. 4th 1194, 1201, fn. 1 (2001) .......................5

12 *Fontenot v. Wells Fargo Bank N.A.,* 198 Cal.App.4th 256, 272 (2011) ................10

13 *Ghuman v. Wells Fargo Bank, N.A.,* 2013 WL 552097, at *6 (E.D.Cal., Feb. 13,

14   2013) ........................................................................................7

15 *Grant v. Aurora Loan Serv's, Inc.*, 736 F. Supp. 2d 1257, 1269 (C.D.Cal. 2010) ...8

16 *Guerrero v. Greenpoint Mortg. Funding, Inc.*, 403 F.App'x. 154, 157 (9th Cir.

17   2010) ........................................................................................8

18 *Karlsen* v. *Gibralter Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117 (1974) ..............9

19 *Knapp*, 123 Cal.App.4th at 94-96.............................................................10

20 Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1097

21   (E.D.Cal.2010)..............................................................................7

22 *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (2010)..............................8

23 *Malkoskie v. Option One Mortg. Corp.,* 188 Cal.App.4th 968 (2010) ....................6

24 *Nguyen v. Calhoun,* 105 Cal.App.4th 428, 440 (2003) ........................................7, 9

25 *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-1103

26   (9th Cir., 2000) ...........................................................................4

27 *Residential Capital v. Cal-Western Reconveyance Corp.* (2003) 108 Cal. App. 4th

28   807, 819, 822 ..............................................................................10

*San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 336 (2005) .................................................................................................... 5

*Syufy Enterprises v. City of Oakland,* 104 Cal. App. 4th 869, 878 (2002) .............. 5

*T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d  626, 630 (9th Cir. 1987) .................................................................................................... 4

*Wiz Technology, Inc. v. Coopers & Lybrand, LLP,* 106 Cal.App.4th 1, 14-15 (2001) .................................................................................................. 10

**Statutes**

Civil Code § 2924 ........................................................................... 1, 3, 5, 7

Code of Civil Procedure § 1161a ........................................................... 6, 7

---

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is an alleged wrongful foreclosure lawsuit in which the sole remaining issue is precluded by a prior judgment.  There are no triable issues of material fact as to Plaintiff Barry Halajian's remaining causes of action.

Following this Court's Order on defendants' Motion to Dismiss, and Plaintiff's failure to amend his Complaint, Plaintiff is left with two claims: (1) wrongful foreclosure and (2) declaratory and injunctive relief.  As noted by this Court in its Order entered February 14, 2013, the claim for declaratory and injunctive relief is correctly understood as requesting a remedy rather than a separate cause of action, and is "contingent on the outcome of the wrongful foreclosure cause of action."  (Doc. No. 39, p. 17.)

The undisputed facts show that the issue of wrongful foreclosure is precluded as a matter of law under the doctrine of res judicata.  A court of competent jurisdiction determined that the foreclosure at issue was completed in compliance with Cal. Civ. Code § 2924 et seq., and such court issued a final judgment to the same effect.  Following an appeal in the prior proceeding by Halajian, the Appellate Court upheld the ruling and issued an Order Affirming Judgment.  Halajian now seeks to re-litigate the same issue.

Defendant is alternatively entitled to summary judgment because Plaintiff cannot provide any admissible evidence to illustrate damages as required for a claim of wrongful foreclosure.  Plaintiff has failed to produce any evidence of damages, much less evidence showing such damages were caused by Defendant rather than by Plaintiff's admitted default on the subject loan.

Finally, Defendant is entitled to summary judgment because Plaintiff has failed to tender the indebtedness owing on the subject loan, and accordingly cannot maintain an action to challenge the completed foreclosure.

///

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

## II.   SUMMARY OF MATERIAL FACTS

### A.   THE LOAN AND FORECLOSURE

On May 18, 2005, Plaintiff entered into a loan transaction ("Loan") with Fremont Investment & Loan ("Fremont").  (Ortwerth Dec., Ex. A.)  In connection with the Loan, Plaintiff executed a promissory note ("Note") and deed of trust ("DOT"), securing the Note with the real property located at 4917 E. Sooner Drive, Fresno California 93727 (the "Property").  (Ortwerth Dec., Exs. A,B; RJN, Ex. B.)  Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee beneficiary of the DOT, and Fremont General Credit Corporation was named as the trustee under the DOT.  (RJN, Ex. B.)

Plaintiff admits that he defaulted on the Loan.  (Thomas Dec., Ex. P, pp. 82-83, 185-186.)  As a result of his default, NDEx West LLC, as agent for the beneficiary, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") on May 17, 2010. (Ortwerth Dec., Ex. C.)  MERS, as nominee beneficiary for Fremont, subsequently assigned the beneficial interest to Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4, Mortgage Pass-Through Certificate, Series 2005-HE4.  (Ortwerth Dec. and RJN, Ex. D.) The Assignment of DOT was recorded on July 8, 2010.  (*Id.*)  On July 13, 2010, Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4, Mortgage Pass-Through Certificate, Series 2005-HE4 substituted NDEx West LLC as trustee under the DOT.  (Ortwerth Dec. and RJN, Ex. E.) The Substitution of Trustee was recoded on July 25, 2010.  (*Id.*)  On August 18, 2010, NDEx recorded a Notice of Trustee's Sale ("NOTS").  (Ortwerth Dec. and RJN, Ex. F.)   The Property was subsequently sold at a public auction on February 14, 2011 ("Trustee's Sale"), and a Trustee Deed Upon Sale ("TDUS") was recorded in favor of Deutsche Bank, as Trustee.  (Ortwerth Dec. and RJN, Ex. G.)

### B.   THE PRIOR ACTION FOR UNLAWFUL DETAINER

Following foreclosure of the Property, DBNTC initiated a court action

---

against Plaintiff by filing a Complaint for Unlawful Detainer in the Superior Court of California, County of Fresno, as Case No. 11 CECL 01998 (the "UD Action"). (Ortwerth Dec., ¶ 14; RJN, Exs, H, I.)   The Complaint filed by DBNTC sought possession of the Property pursuant to Cal. Civ. Code § 1161a.   (*Id.*)   DBNTC filed a motion for summary judgment which was heard by the Court on May 5, 2011.   (RJN, Ex. I.)   The Court granted DBNTC's Motion for Summary Judgment, and entered judgment in favor of DBNTC.   (RJN, Exs. J-L.)   The UD Court's Minute Order and formal Order Granting Summary Judgment confirm the Court's finding that the foreclosure of the DOT was completed in accordance with Cal. Civ. Code § 2924, and that DBNTC held clear title pursuant to the Trustee's Deed Upon Sale.   (RJN, Exs. J, K.)

Barry Halajian thereafter filed an Ex Parte Motion for Order Setting Aside Judgment, which was heard and denied by the Court on June 13, 2011.   (RJN, Ex. I, pp. 10-11.)   Halajian then filed a Notice of Appeal, seeking review of the Court's Order denying his Motion to Vacate Judgment.   (RJN, Ex. M.)   The Court of Appeals affirmed the ruling of the Court in the UD Action, and issued an Order Affirming Judgment on or about April 4, 2012.   (RJN, Ex. N.)

## C.   PROCEDURE IN THE INSTANT ACTION

Plaintiff filed this action on May 16, 2012. On September 21, 2012 Defendant filed a Motion to Dismiss.   This Court denied the Motion to Dismiss as to the second and sixth causes of action, claiming Wrongful Foreclosure and Declaratory and Injunctive Relief, respectively. (Doc. #39.)   The Court granted the Motion to Dismiss as to the remaining claims[1].   (Doc. #39.)   Defendant filed an Answer to the remaining claims in the Complaint on April 22, 2013.   (Doc. #41.)

///

---

[1] In granting the Motion to Dismiss, the Court allowed leave to amend certain causes of action, while denying leave to amend others.   This distinction is no longer relevant, as Plaintiff did not file an amended pleading.

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

## III.  **ARGUMENT**

### A.  THE STANDARD ON A MOTION FOR SUMMARY JUDGMENT.

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial."  *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d  626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 US 317 (1986).

The moving party may support its summary judgment motion by submitting affirmative evidence that *disproves* an essential element of the opposing party's claim or defense.  *Adickes v. S.H. Kress & Co.*, 398 US 144, 158–160 (1970). Alternatively, the moving party may carry its initial burden on summary judgment by "showing" the opposing party *lacks sufficient evidence* to carry its ultimate burden of persuasion at trial; i.e., it does not have evidence from which a jury could find an essential element of the opposing party's claim or defense.  *Celotex Corp. v. Catrett* 477 US 317, 325 (1986); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-1103 (9th Cir., 2000).

///

///

///

///

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

4

1
2
3

**B.   THE UNDISPUTED FACTS DEMONSTRATE THAT PLAINTIFF IS COLLATERALLY ESTOPPED FROM RE-LITIGATING THE WRONGFUL FORECLOSURE CLAIM.**

4
5
6

The issue of wrongful foreclosure – namely, the validity of foreclosure pursuant to Cal. Civ. Code § 2924 – has been previously adjudicated in Defendant's favor.  Plaintiff is accordingly barred from re-litigating the issue.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Res judicata has two aspects: claim preclusion and issue preclusion (also known as collateral estoppel). *Clark v. Lesher*, 46 Cal. 2d 874, 880 (1956). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 336 (2005), citing *Allen v. McCurry*, 449 U.S. 90 (1980); *Bernhard v. Bank of America N.T. & S.A.*, 19 Cal.2d 807, 813 (1942). "The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." *Syufy Enterprises v. City of Oakland,* 104 Cal. App. 4th 869, 878 (2002), citing *Coscia v. McKenna & Cuneo*, 25 Cal. 4th 1194, 1201, fn. 1 (2001).

22
23
24
25
26
27
28

The fulfillment of the second and third requirements is plainly supported by the undisputed facts of this case.  Judgment was entered in the UD Action on May 5, 2011, after granting DBNTC's Motion for Summary Judgment on its merits. (RJN, Exs. J-L.)  Following Halajian's appeal of a subsequent order in the UD Action, the Judgment was affirmed by Order of the Appellate Division of the Superior Court, County of Fresno on April 4, 2012 – thus constituting a final judgment on the merits.  (RJN, Exs. L, N.)  It is also undisputed that the parties to

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

the UD Action were the same as those here – namely Barry Halajian and DBNTC. (Ortwerth Dcl., ¶14; RJN, Ex. H.)

The undisputed facts also demonstrate that the issue of foreclosure validity is identical to that previously litigated, such that the first requirement has been met.

The Court in *Malkoskie v. Option One Mortg. Corp.,* 188 Cal.App.4th 968 (2010) addressed a nearly identical set of circumstances to those in the instant matter, and held that plaintiffs' wrongful foreclosure claims presented the same issue as adjudicated in a prior unlawful detainer suit, and were thus barred by collateral estoppel[2].   In *Malkoskie*, plaintiffs brought an action for wrongful foreclosure and other causes of action following an entry of judgment against them in an unlawful detainer proceeding.  *Id.,* at 972.  Defendants' demurrer was sustained without leave to amend, to which plaintiffs appealed.  *Id*.  The Appellate Court affirmed the ruling of the lower court, finding that the validity of the foreclosure sale was conclusively resolved by the prior judgment against plaintiffs in the unlawful detainer action, such that plaintiffs were collaterally estoppedfrom bringing a wrongful foreclosure claim.  *Id*.  The *Malkoskie* Court reasoned that in an unlawful detainer action pursuant to Cal. Code of Civ. Proc. ("CCP") §1161a, a "purchaser who has acquired the title at such trustee's sale **must prove that the property was sold in accordance with section 2924** of the Civil Code under a power of sale and that the title under the sale has been duly perfected."  *Id*., at 974; citing *Bliss v. security-First Nat. Bank,* 81 Cal.App.2d 50, 58-9 (1947) (emphasis added).  Accordingly, the Court held that plaintiffs' claims, which were premised on the alleged invalidity of the foreclosure sale, were precluded as a matter of law.

///

---

[2] The *Malkoskie* Court refers interchangeably to "res judicata" and "collateral estoppel," but clarifies that "[c]ollateral estoppel is the more accurate term to use on these facts."  *Malkoskie,* at Footnote 4.

1    Here, it is undisputed that the UD Action filed by DBNTC against Halajian

2    was brought pursuant to CCP § 1161a.  (RJN, Ex. H.)  The caption and body of

3    the Complaint illustrate that the UD Action was commenced pursuant to Section

4    1161a, as do the Motion for Summary Judgment and Order Granting Motion for

5    Summary Judgment.  (RJN, Exs. H, K.)  The issue of validity of foreclosure was

6    thus necessarily adjudicated by the Court in reaching its judgment.  Indeed, the

7    Court in the UD Action verified such finding by issuing a Minute Order and Order

8    Granting Summary Judgment, both of which noted the finding, based on evidence

9    presented, that the property had been sold in accordance with Cal. Civ. Code §

10   2924, and that title has been duly perfected in DBNTC.  (RJN, Exs. J, K.)  The

11   parties are therefore estopped from re-litigating the issue of foreclosure pursuant

12   to Section 2924, or DBNTC's resulting title in the Property.

13       Plaintiff's claim for wrongful foreclosure in this action presents procedural

14   challenges to the foreclosure, and is necessarily premised on allegations that the

15   foreclosure sale was invalid pursuant to Cal. Civ. Code § 2924.  (Complaint, ¶¶

16   87-90.)   Wrongful foreclosure is an action in equity where a plaintiff seeks to set

17   aside a foreclosure sale.  *Lane v. Vitek Real Estate Industries Group,* 713

18   F.Supp.2d 1092, 1097 (E.D.Cal.2010).   "California's non-judicial foreclosure

19   statute is a 'comprehensive statutory framework established to govern non-judicial

20   foreclosure sales and is intended to be exhaustive.'"  *Ghuman v. Wells Fargo*

21   *Bank, N.A.,* 2013 WL 552097, at *6 (E.D.Cal., Feb. 13, 2013); citing *Lane, supra.*

22   As this Court pointed out in its February 14, 2013 Order (Doc. #39), "If the

23   trustee's deed recites that all statutory notice requirements and procedures required

24   by law for the conduct of the foreclosure have been satisfied, a rebuttable

25   presumption arises that the sale has been conducted regularly and properly."

26   *Nguyen v. Calhoun,* 105 Cal.App.4th 428, 440 (2003).  Indeed, the Trustee's Deed

27   granting title to DBNTC makes such recitation.  (Ortwerth Dec. and RJN, Ex. G.)

28   Accordingly, Plaintiff's claim for wrongful foreclosure following the Trustee's

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

1   Deed Upon Sale must rebut the presumption that foreclosure was conducted in

2   accordance with Section 2924 – the very issue which was conclusively determined

3   in the UD Action.

4        Indeed, a ruling on the merits of the wrongful foreclosure claim in the

5   instant matter would be either duplicative of, or directly at odds with, the prior

6   judgment which conclusively found that the foreclosure had been completed "in

7   accordance with Civil Code Section 2924."  (RJN, Ex. J.)  The undisputed facts in

8   this action make clear that the validity of foreclosure has been previously litigated

9   between Plaintiff and Defendant, and that final judgment was issued on the merits

10  of the issue.  Plaintiff is estopped from re-litigating the issue, such that there are

11  no triable issues of fact remaining and Defendant is entitled to summary judgment

12  on the issue.

13       **C.    NO TRIABLE ISSUES OF FACT EXIST FOR PLAINTIFF'S**

14              **WRONGFUL        FORECLOSURE        CLAIM       BECAUSE**

15              **PLAINTIFF CANNOT CHALLENGE THE FORECLOSURE**

16              **WITHOUT ACTUAL AND CREDIBLE TENDER.**

17       The undisputed facts of this case show that Plaintiff has not made or

18  attempted a tender of the indebtedness owing on the loan.  Plaintiff has further

19  failed to provide any evidence that he is able to tender.

20       Under California law, Plaintiff's valid and viable tender of payment of the

21  secured debt is a "precondition to … any cause of action implicitly integrated to

22  the [foreclosure] sale."  *Grant v. Aurora Loan Serv's, Inc.*, 736 F. Supp. 2d 1257,

23  1269 (C.D.Cal. 2010); *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225

24  (2010) ("[T]here is no way that a foreclosure can be avoided absent payment of all

25  the indebtedness."); *Guerrero v. Greenpoint Mortg. Funding, Inc.*, 403 F.App'x.

26  154, 157 (9th Cir. 2010) (holding that plaintiffs "lacked standing to bring a claim

27  for 'wrongful foreclosure,' because they failed to allege actual, full, and

28  unambiguous tender of the debt owed on the mortgage.").  Without an allegation

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

8

1  of tender, a complaint challenging a foreclosure does not state a cause of action.

2  *Karlsen* v. *Gibralter Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117 (1974).   "The

3  rules which govern tenders are strict and are strictly applied. . .it is a debtor's

4  responsibility to make an unambiguous tender of the entire amount due or else

5  suffer the consequence that the tender is of no effect." *Nguyen* v. *Calhoun,* 105

6  Cal.App.4th 428,438-440 (2003).   Absent evidence showing an actual tender,

7  Plaintiff's cause of action for Wrongful Foreclosure fails.

8      Plaintiff's deposition testimony provides that he has not, at any time,

9  tendered the full indebtedness owing on the loan.  Specifically, Plaintiff states that

10 the "account was never brought current," but that he attempted to submit a

11 payment in 2010 which "might have been as high as $1,900." (Thomas Dec., Ex.

12 P, pp. 98, 99.)  Plaintiff also testified that at the time of his attempted payment, the

13 loan balance was approximately $10,000.00, and that such payment would not

14 have brought the account current.  (*Id.*, at 98-100.)   It is undisputed then, that

15 Plaintiff has not tendered the indebtedness owing.  (*See also,* Ortwerth Dec., ¶ 13.)

16     In an attempt to sidestep his failure to tender the indebtedness owing,

17 Plaintiff presents a theory that he no longer owes anything under the Note:

18     Q.     And the knowledge you have now is that you do not owe any
19     money as the borrower under this note marked as Exhibit 3?
       A.     No, it's just the widespread fraud of the banking system.  It's
20     the – the – the – who is really the borrower and who is really the
       lender, and just this Whitney Cook being a robosigner, for instance,
21     how widely that was accepted and how far the banks got away with
22     that.
       …
23     Q.     So, as you sit here today, you believe you have no obligation to
24     pay the amounts listed or pay the loan listed in the note marked as
       Exhibit 3?
25     A.     The banks have made more than enough money off my
26     signature, and they've stolen more than enough out of this country, so
       yes.
27

28 (Thomas Dec., Ex. P, pp. 185, 186.)  Plaintiff's novel and unsubstantiated theory

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

9

1    does not present sufficient evidence to excuse his nonpayment under the Note, but

2    it does further indicate that he has failed to tender the indebtedness owing, and has

3    no intent to do so.

4        Having failed to tender the indebtedness owing on his loan obligation,

5    Plaintiff cannot, as a matter of law, prevail on his claim for wrongful foreclosure.

6    Accordingly, there are no triable issues of material facts as to Plaintiff's Wrongful

7    Foreclosure claim, and Defendant is entitled to summary judgment.

8        **D.     NO   TRIABLE   ISSUES   OF   FACT   EXIST   BECAUSE**

9               **PLAINTIFF CANNOT PROVE DAMAGES.**

10        A party attacking the validity of foreclosure proceedings has the burden of

11    overcoming a presumption of validity "by pleading and proving an improper

12    procedure **and the resulting prejudice**."   *Knapp*, 123 Cal.App.4th at 94-96

13    (emphasis added).   Absent prejudice, the error does not warrant relief.   *Aceves v.*

14    *U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218, 232 (holding that no prejudice to the

15    borrower could have resulted from a mistakenly identified beneficiary on a notice

16    of default);  A sale can only be set aside where "there is a substantial defect in the

17    statutory procedure that is prejudicial to the interests of the trustor [borrower] and

18    claimants."   *Residential Capital v. Cal-Western Reconveyance Corp.* (2003) 108

19    Cal. App. 4th 807, 819, 822.     "Prejudice is not presumed from 'mere

20    irregularities' in the process."   *Fontenot v. Wells Fargo Bank N.A.,* 198

21    Cal.App.4th 256, 272 (2011) ("[A]n [allegedly improper] assignment merely

22    substituted one creditor for another, without changing [plaintiff's] obligations

23    under the note.").

24        "In response to a motion for summary judgment, the **plaintiff must present**

25    **concrete evidence of proximate causation and damages**.   [citation omitted].

26    Summary judgment will be upheld where the Plaintiff's evidence is little more

27    than the guesswork 'in the realm of mere speculation and conjecture.'") (emphasis

28    added).  *Wiz Technology, Inc. v. Coopers & Lybrand, LLP,* 106 Cal.App.4th 1, 14-

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

15 (2001).

While Plaintiff claims there were irregularities in the foreclosure process, Plaintiff offered no evidence he was prejudiced by the errors. Specifically, Plaintiff has not, and cannot, provide evidence showing any damages were caused by irregularities in the foreclosure process rather than by his admitted default on his loan obligations. In deposition, Plaintiff acknowledged that the deposition notice requested "all documents that evidence or relate to any relief, remedies or damages you seek in this action." (Thomas Dec., Ex. P, p. 35.) Plaintiff provided no responsive documents, and could not identify the existence of any such documents. (Thomas Dec., Ex. P, pp. 35-37.) When asked to identify the financial harm sustained, Plaintiff testified as follows:

> A.     Well, I just – I'll repeat it again. I've had to pay attorney fees. I've had to pay for that audit. I've had to pay – I've had to take time out of my workday, like today, to deal with this… I've actually had to, you know, write many of the legal papers and to go to court. I've had many various court appearances… I think the biggest hurt is the mental anguish… I'm in harm's way with the sheriff. I mean, who knows, I could get shot with those people.

(Thomas Dec., Ex. P, p. 127) Plaintiff further testified that he had not seen any doctors, including psychiatrists, nor taken any medications. (*Id.,* at 128.)

Plaintiff has provided no evidence of actual damages, and none of Plaintiff's self-described damages arise from an improper foreclosure. Most of the described harms arose from Plaintiff's voluntary pursuit of various legal actions, and no distinction is or can be made as to any damages resulting from the alleged wrongful foreclosure as opposed to Plaintiff's admitted default on the loan. Plaintiff is further unable to provide evidence of any physical or mental damages, having sought no treatment for the same.

Plaintiff is unable to present any evidence of damages in this matter which arose from an alleged wrongful foreclosure by Defendant. Accordingly, the claim fails and there are no triable issues of material fact.

---

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

**E.    NO TRIABLE ISSUE OF FACT EXISTS AS TO PLAINTIFF'S CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF.**

In addition to Plaintiff's inability to prove any damages, as discussed above, no triable facts exist as to the issues of declaratory or injunctive relief because they are remedies which are wholly reliant on the wrongful foreclosure claim.

In its Order dated February 14, 2013, this Court noted that Plaintiff's "cause of action" for Declaratory and Injunctive Relief "is correctly understood as requesting a remedy" and is "contingent on the outcome of the wrongful foreclosure action." (Order, Doc. #39.)  It follows that where the wrongful foreclosure action can be summarily adjudicated, this claim cannot stand alone and must follow suit.

For this reason, there is no triable issue of fact relating to Plaintiff's final cause of action, such that summary judgment is appropriate.

## IV.    CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court enter summary judgment in favor of Defendant DBNTC. The indisputable evidence proves that (a) the issue of the validity of foreclosure has been adjudicated, and judgment entered in favor of DBNTC; (b) Plaintiff has failed to tender the indebtedness owing on the loan and is accordingly barred from seeking redress for wrongful foreclosure; and (c) Plaintiff has failed to provide any evidence of damages resulting from any act of DBNTC.

Dated: April 11, 2014                    **HOUSER & ALLISON, APC**

                              By:    s/ Mark W. Thomas
                                     Marc W. Thomas
                                     Attorneys for Defendant,
                                     DEUTSCHE BANK NATIONAL TRUST
                                     COMPANY, AS TRUSTEE FOR GSAMP
                                     TRUST 2005-HE4 MORTGAGE PASS-
                                     THROUGH CERTIFICATES, SERIES
                                     2005-HE4

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA                    )
                                       ) ss
COUNTY OF ORANGE                       )

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

     On April 11, 2014, I served the following document(s):

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-HE4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE4'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND [PROPOSED] JUDGMENT**

     On the following interested parties in this action described as follows:

| | |
|---|---|
| Randy Risner | Deborah Stein |
| Law Offices of Randy Risner | Jonathan Weiss |
| 1100 W. Shaw Avenue, Suite 140 | Simpson Thacher & Bartlett, LLP |
| Fresno, CA 93711 | 1999 Ave of the Stars, 29th Floor |
| rjr@risnerlawfirm.com | Los Angeles, CA 90067 |
| | dstein@stblaw.com |
| | jweiss@stblaw.com |

Kristapor Vartanian
Laura Gladwin
Laurie Selkowitz
Mark Block
Natasha Ahmed
Wargo & French LLP
1888 Century Park East, Suite 150
Los Angeles, CA 90067
kvartanian@wargofrench.com
lgaldwin@wargofrench.com
lselkowitz@wargofrench.com
mblock@wargofrench.com
nahmed@wargofrench.com

☒ E-FILING—By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

Executed on April 11, 2014 in Irvine, California.

Courtney Hershey