# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY HALAJIAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-HE4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE4, a New York Corporation; JPMORGAN CHASE BANK N.A., a national banking association incorporated in New York; NDEx WEST LLC, a Delaware limited liability company; and WHITNEY K. COOK, an individual residing in Ohio; ALL PERSONS KNOWN OR UNKNOWN CLAIMING AN INTEREST IN 4917 E. SOONER DR., FRESNO, CALIFORNIA 93727; and DOES 1-20 inclusive<br>            Defendants.<br>_____/ | 1:12-cv-00814-AWI-GSA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>(Docs. 62, 65, 67) |

## I. Introduction

On April 11, 2014, Defendant Deutsche Bank National Trust Company ("DBNTC") filed a motion for summary judgment. On the same date, Defendants Whitney K. Cook ("Cook") and JPMorgan Chase Bank, N.A. ("Chase") filed a separate motion for summary judgment. Both motions address Plaintiff's remaining claim for wrongful foreclosure and the declaratory and

1

injunctive relief requested in conjunction with it. In this Court's order on Defendants' motion to dismiss it clarified that Plaintiff stated a claim insofar as he alleged that Ms. Cook had no agency relationship with Mortgage Electronic Registration Systems, Inc., ("MERS") or DBNTC such that her signing the operative foreclosure paperwork on their behalf was invalid. In that order the Court also left open what impact the dissolution of Fremont Investment & Loan ("Fremont") had on the assignment of deed of trust. The Court will restrict the scope of its discussion to address only those issues. Based on the following, Defendants' motions for summary judgment will be granted.

## II. Background

The Court refers the parties to this Court's order on Defendant's motion to dismiss (Doc. 39) for a chronology of the proceedings.

### A. Undisputed Facts

On May 18, 2005, Barry Halajian ("Plaintiff") obtained a loan ("the Loan") for $175,200.00 from Fremont Investment & Loan ("Fremont"), secured by a deed of trust against the property located at 4917 East Sooner Avenue, Fresno, California. The deed of trust named Fremont as the trustee, and designated MERS as the nominee for Fremont, its successors and assigns, to serve as the beneficiary of the deed of trust. The deed of trust was recorded in the Fresno County Recorder's Office on May 26, 2005.

On March 7, 2011, Deutsche Bank filed an unlawful detainer action against Plaintiff in Fresno County Superior Court (Case No. 11CECL01998). *See Deutsche Bank Nat'l Trust Co. v. Halajian*, 2012 WL 1076218 at *1 (E.D. Cal. March 29, 2012) (No. 1:12-cv-00447-LJO-GSA).

On April 28, 2011, Deutsche Bank moved for summary judgment in the unlawful detainer action; Plaintiff did not oppose the motion. *Id.* The Superior Court granted the motion and entered judgment on May 5, 2011. *Id.* A writ of execution for restitution of the property issued on June 2, 2011. *Id.* On June 10, 2011, Plaintiff moved to set the judgment aside or, in the alternative, stay execution of judgment. *Id.* On June 13, 2011, the Superior Court denied the motion to set aside the judgment but stayed the writ of execution. *Id.* After a second motion to set aside the judgment was denied, Plaintiff appealed to the state appellate court on June 20,

2011. *Id.* On June 22, 2011, Plaintiff moved to stay enforcement of the judgment pending appeal. *Id.* On June 28, 2011, the Superior Court granted the motion to stay.

**B. Disputed Facts**

    **i.    Account of Defendants Whitney Cook and JPMorgan Chase Bank, N.A.**

On or around August 1, 2005, GS Mortgage Securities Corp. ("GS Mortgage"), Chase, and DBNTC entered into a pooling and servicing agreement ("PSA") wherein the GSAMP Trust 2005-HE4, Mortgage Pass-Through Certificate, Series 2005-HE4 Trust ("the Trust") was created. (Decl. of Sunserayer Edwards ("Edwards Decl.") at ¶ 6; *See* Edwards Decl. at Exh. 3.[1]) The transfer of interest in the Loan to the Trust to DBNTC as trustee for the Trust was not recorded until July 8, 2010 when MERS filed a notarized Assignment of the Deed of Trust, signed by Whitney K. Cook as Vice President of MERS as Nominee for Fremont, with Fresno County Recorder's Office. (*Id*.at ¶ 9.) Cook and Chase allege that sometime between creation of the trust and the recordation of the transfer, the Loan entered into by Plaintiff and Fremont was impressed into the Trust. (*Id*. at ¶ 9.) Plaintiff alleges that the assignment was not executed until, June 28, 2010. (Doc. 75 at ¶ 40.) Neither party has directed the Court to any evidence that would substantiate when the Loan was impressed into the Trust.

On May 17, 2010, ServiceLink, a Division of Chicago Title Company, on behalf of Chase Home Finance, L.L.C., and its agent NDEX West, LLC, acting as agent for the beneficiary, recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") with the Fresno County Recorder's Office because of a delinquent amount of $9,663.83 on the Loan.

---

[1] Plaintiff objects that the PSA is not signed. (Plaintiff's Statement of Disputed Facts ("PSDF") at ¶ 5. However, Plaintiff does acknowledge that the beneficial interest in the deed of trust related to his home was, at some point, transferred to the Trust. To the extent that Plaintiff seeks to challenge the Defendants' compliance with the terms of the PSA, he lacks standing. *Kramer v. Bank of America, N.A.*, 2014 WL 1577671, *4 (E.D. Cal. 2014) (slip op.) ("It is well settled that mortgagees who are not parties to a PSA lack standing to allege violations of a PSA or to otherwise bring claims on the basis that a PSA was violated.") (collecting cases); *McGuire v. Recontrust Co., N.A.*, 2013 WL 3863903, *4 (E.D. Cal. 2013 (citing *Nguyen v. Bank of Am. Nat'l Ass'n No.*, 2011 WL 5574917, at *9 (N.D. Cal. 2011)).

Case 1:12-cv-00814-AWI-GSA Document 91 Filed 01/09/15 Page 4 of 9

On July 13, 2010, Chase, as attorney-in-fact for DBNTC, as trustee for the Trust (which held the beneficial interest in the Loan), substituted NDEx West, L.L.C. as trustee under the DOT.

### III. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of „the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *see* Fed. R. Civ. P. 56(c)(1)(A).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party"s case." *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*, 477 U.S. at p. 325). If the moving party meets its initial burden, the burden shifts to the non-moving party to present evidence establishing the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, *see Anderson,* 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1436 (9th Cir.1987). In order to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no „genuine issue for trial."" *Matsushita, supra,* 475 U.S. at p. 587 (citation omitted).

4

A court ruling on a motion for summary judgment must construe all facts and inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244–45 (E.D.Cal.1985), *aff'd,* 810 F.2d 898, 902 (9th Cir.1987).

### IV. Discussion

The only remaining cause of action is Plaintiff's wrongful foreclosure claim, premised on the allegation that "[n]one of the foreclosing Defendants have standing to enforce the Note because they are not the owners of the note, holder of the Note or beneficiary under the Note." (Compl. at ¶ 73.) In this Court's order on Defendants' motion to dismiss it determined that, by the terms of the Deed of Trust, MERS had the authority to assign an interest in the Deed of Trust in its roles as (1) beneficiary and (2) nominee for the lender and the lender's successors and assigns. (Doc 39 at 9-10.) MERS authority to assign a beneficial interest is therefore established for purposes of this proceeding.

Plaintiff has two unresolved contentions in support of the argument that the Defendants were not authorized to foreclose upon the property. First, Plaintiff further alleges that Whitney Cook "is a known robosigner who signs documents and is purported a vice-president or secretary of more than six different corporate entities." (*Id.* at ¶ 60; *see Id.* at ¶ 23.) In this Court's order on Defendants' motion to dismiss it interpreted Plaintiff's claim to allege that Whitney Cook was unauthorized to sign on behalf of MERS and Chase. (Doc. 39.) Second, Plaintiff claims that when MERS (as nominee for Fremont) attempted to assign the Deed of Trust to Deutsche Bank on July 8, 2010,[2] that the transfer was invalid because Fremont was no longer in existence. (Compl. at ¶ 77.) In its previous order, this Court discussed but did not conclusively resolve what impact of Fremont's dissolution would have on MERS' authority to assign a beneficial interest. (*See* Doc. 39 at 6, 10.) This Court will discuss both issues below.

---

[2] Defendants Cook and Chase allege that the transfer took place prior to July 8, 2010, but that it was not recorded until July 8, 2010.

5

**A. Signing Authority**

This Court explained that "if Ms. Cook was not authorized to sign the assignment of deed of trust and substitution of trustee then both are invalid." (Doc. 39 at 11.) "A trustee's sale undertaken by one who is not the valid trustee is void. Where a trustee sale is void tender need not be alleged because the action is not based in equity." *Id.* at p. 11 (citations omitted).)

Two documents signed by Ms. Cook have been brought to the Court's attention. First, Plaintiff disputes Ms. Cook's authority to sign the assignment of deed of trust signed on June 28, 2010, and recorded on July 8, 2010. That document reflects Ms. Cook's signature in her role as vice president of MERS as nominee for Fremont. Defendants Cook and Chase submitted a list of certifying officers authorized to sign on behalf of MERS as of April 2, 2010. (*See* Edwards Decl. at ¶ 10; Exhibit 5 (filed under seal)[3].) Ms. Cook's name appears on that list.[4] Plaintiff has offered no contradictory evidence.

To the extent that Plaintiff alleges that Ms. Cook's multiple roles invalidate the assignment as a matter of law, that argument fails. The Ninth Circuit has recognized, "MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). A dual agency role of an individual employed by a mortgage company and signing on behalf of MERS is a necessary consequence of this system rather than an indication of any impropriety. *See Newman v. Bank of New York Mellon*, 2013 WL 1499490, *4 (E.D. Cal. 2013). Accordingly, the fact that Ms. Cook may have been the signatory on multiple mortgage and foreclosure related documents in different roles does not impact the validity of any of those documents.

---

[3] Plaintiff objects to the Court's consideration of the documents filed under seal, alleging that he had not access to those documents. Defendants Cook and Chase have indicated their willingness to provide the documents to Plaintiff's counsel contingent to his agreement to a protective order. Defendants represent that Plaintiff has not agreed to do so or given any reason for his unwillingness to do so. (Defendants Cook and Chase Reply in Support of Motion for Summary Judgment ("Reply") at p. 1, n.2.) This Court will rely upon Defendants' representation because Plaintiff has made no attempt to dispute its accuracy.

[4] This Court has previously noted that, where an unauthorized signatory signs on behalf of MERS, MERS would be the victim of fraud and the appropriate party to seek redress. *Kramer v. Bank of America, N.A.*, 2014 WL 1577671, *5 (E.D. Cal. 2014)(slip op.); *Bever v. Cal-Western Reconveyance Corp.*, 2013 WL 5492154, *3 (E.D. Cal. 2013)(slip op.). Even where an agency issue exists, absent an objection or fraud action by MERS, the court infers ratification. *Bever*, 2013 WL 5492154 at *3.

1    Second, Plaintiff disputes Ms. Cook's authority to sign the substitution of trustee signed
2 on July 13, 2010, and recorded on July 26, 2010. The face of the document reflects Ms. Cook
3 signature in her role as vice president of Chase as attorney in fact for Deutsche Bank, trustee for
4 the Trust. Defendants Cook and Chase submitted evidence tending to indicate that Whitney K.
5 Cook was an appointed vice president of Chase on July 13, 2010. (*See* Edwards Decl. at ¶ 15;
6 Exhibit 9 (filed under seal).) Plaintiff has submitted no contradictory evidence.

7    Plaintiff failed to meet his burden of showing that Ms. Cook lacked signing authority for
8 either Chase or MERS.

9 **B. MERS' Authority to Assign the Deed of Trust**

10    Based on the evidence submitted, it appears that the beneficial interest in the deed of trust
11 was assigned to the Trust between the date of creation of the Trust, August 1, 2005, and the date
12 of the recordation of the assignment of deed of trust to the Trust, July 8, 2010. *See* Edwards
13 Decl. at ¶¶ 6-9 (ADOT on July 8, 2010 evidenced "previous transfer of the Loan" to the Trust);
14 Doc. 62 at 7 (After May 17, 2010, "MERS, as nominee beneficiary for Fremont … assigned the
15 beneficial interest to [the Trust]." (citing ADOT)); Doc. 70 at 273-274 (Loan purchase date by
16 trust appears to be July 1, 2005.). During that time period Fremont is alleged to have dissolved.

17    This Court has already decided that MERS had authority as beneficiary and nominee for
18 the lender to assign the deed of trust and substitute trustee. (Doc. 39 at 9.) If the assignment took
19 place prior to dissolution of Fremont (as the PSA seems to suggest) then Fremont's dissolution
20 could not have impacted the validity of the assignment. However, in compliance with the
21 mandate of Rule 56 to construe all facts and inferences in the light most favorable to the non-
22 moving party, the Court will assume that the assignment took place after the dissolution of
23 Fremont.

24    Under the terms of the Deed of Trust, MERS was both the "nominee for Lender and
25 Lender's successors and assigns" and MERS [was] beneficiary." (Deed of Trust p. 3 of 5.) The
26 Deed of Trust further specifies that "MERS holds only legal title to the interests granted by
27 Borrower" but that "MERS (as nominee for the Lender and Lender's successors and assigns) has
28 the right to exercise any or all of those interests…." (*Id.*) This language is by no means novel.

The claim that MERS has no authority to assign an interest held by a bank no longer in existence has been rejected by multiple courts in this jurisdiction. *See Niranjain v. Bank of America, N.A.*, 2013 WL 1701602, *2, 4 (N.D. Cal. 2013) (rejecting the argument that MERS had no authority to transfer a deed of trust because MERS was beneficiary for a defunct bank.); *Siliga v. MERS, Inc.*, 219 Cal.App.4th 75, 83-84 (2013) (same); *Kitajima v. MERS, Inc.*, 2013 WL 2298444, *9 (2nd Dist. Cal 2013) *see also Kumar v. U.S. Bank Nat. Ass'n*, 555 Fed. Appx. 490, 492 (not directly addressing the claim but noting the "dubious merit" of the claim that "MERS could not assign [a] mortgage because it acted as a nominee for a defunct lender.) Based on the identical language of the deed of trust, the *Kitajima* court reasoned that even if the lender was no longer in existence at the time that MERS assigned the interest that "under the plain terms of the deed of trust MERS had the authority to make the assignment." *Kitajima*, 2014 WL 2298444 at *9. This Court agrees.

Because Plaintiff agreed in the deed of trust that MERS had the right to assign the beneficial interest in Plaintiff's loan he cannot complain when MERS did exactly that. Even if Fremont was not in existence at the time of MERS assignment, that assignment was valid.

**C. Conclusion**

Because Defendants have shown that Ms. Cook was authorized to sign on behalf of MERS and Chase and because Fremont's status was legally insignificant at the time of the Assignment of Deed of Trust, Defendants have shown that the trustee's sale was not void. (*See* Doc 39 at 11.) As Plaintiff points out, "[t]ender is not required … where the foreclosure sale is void rather than voidable." (Doc. 75 at ¶ 66 (citing *Dimcock v. Emerald Properties*, LLC, 81 Cal.App.4th 868, 878 (2000).)

Assuming that the foreclosure sale was "voidable due to irregularities in the sale notice or procedure," an allegation of tender of the indebtedness is necessary to set aside the foreclosure sale. *Fidelity Nat. Title Co. v. U.S. Small Business Admin.*, 2014 WL 5823097, *5 (E.D. Cal. 2014) (slip op.); *Nugent v. Federal Home Loan Corp.*, 2014 WL 4960902, *7 (E.D. Cal. 2014) (slip op.) (quoting *West v. JPMorgan Chase Bank, N.A.*, 214 Cal.App.4th 780, 800 (2013)). A party must allege full tender (i.e. the entirety of the defaulted debt, without qualification) in order

to maintain any cause of action for irregularity in the sale procedure after the completion of the sale. *Medrano v. Caliber Homes Loans, Inc.*, 2014 WL 7236925, *8 (N.D. Cal. 2014); *Fidelity*, 2014 WL 5823097 at *5 (quoting *Abdallah v. United Savs. Bank,* 43 Cal.App.4th 1101 (1996)); *Bowden v. Bank of New York Mellon*, 2014 WL 6673272 (App Ct. Cal. 2014). Plaintiff has not tendered the amount owing on the loan at any point. (Doc 63-1 at p. 77-97 ("Halajian Deposition").) Plaintiff's failure to do so necessarily results in the failure of his wrongful foreclosure claim.  Because Plaintiff's wrongful foreclosure claim fails and Plaintiff's claim for declaratory and injunctive relief necessarily relies on that claim, Plaintiff's claim for declaratory and injunctive relief also fails. Defendants are entitled to summary judgment on all remaining claims.

## V. Order

Based on the foregoing, IT IS HEREBY ORDERED that Defendants'' motions for summary judgment (Docs. 62, 65) are GRANTED. The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated:   January 9, 2015                                      _____
                                                              SENIOR DISTRICT JUDGE